## TOWN OF CLAYTON *vs.* TOWN OF BENNINGTON.

### July 30, 1877.

**Action between Two Towns for the Conversion of Money—When Time of Conversion should be Alleged.**—The original town of Bennington was composed of two congressional townships, one of which is now the town of Clayton. While so composed there was, in the years 1869 and 1871, paid into the treasury a certain amount of poll and road taxes, assessed within the congressional township, now the town of Clayton, no part of which was raised to be expended outside of the town. None of the money so coming into the treasury was expended in the construction or repair of roads and bridges in the congressional township within which it was raised, but the complaint alleges that "the defendant has unlawfully and wrongfully kept the same in its treasury, and converted the same to its use, contrary to law, and in violation of the trust so created as aforesaid." *Held*, that if such conversion was prior to the severance from the defendant of the congressional township now composing the town of Clayton, there is no remedy by the one town against the other, and as it does not appear from the complaint when the money was converted, nor that it was in the treasury at the time of the separation of the two townships, the complaint states no cause of action.

Appeal by plaintiff from an order of the district court for Mower county, *Page*, J., presiding, sustaining a demurrer to the complaint.

*J. Q. Farmer* and *C. K. Davis*, for appellant.

*E. O. Wheeler*, for respondent.

GILFILLAN, C. J.    The organized town of Bennington was originally composed of two congressional townships, 102 in range 14, and 102 in range 15.    In the years 1869, 1870 and 1871, there was raised, and paid into the town treasury, poll and road taxes assessed within that part of the town, consisting of the congressional township in range 15, to the amount of $1,343.40, no part of which was raised to be expended outside of the town.    In January, 1872, that township was detached from the town of Bennington and attached to the town of Grand Meadow, and in September, 1873, it was duly organized as the town of Clayton.    The complaint alleges that no part of the tax so paid into the treasury was expended in building public highways and bridges within said congressional township, but that "the defendant has unlawfully and wrongfully kept the same in its treasury, and converted the same to its (defendant's) use, contrary to law and in violation of the trust so created as aforesaid," and prays that the defendant account to plaintiff for said moneys; that it be ordered to execute the trust by expending the money upon the highways of the plaintiff, or that the plaintiff have judgment for the money, with interest, and for such other and further relief as equity and the nature of the case may require.

A demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, was sustained, and from the order sustaining it the appeal is taken.

By the act of March 5, 1869, amending Gen. St. *c.* 10, § 15, subd. 9, it is provided "that where more than one entire congressional township is included within an organized town, the poll and road tax raised within the limits of each of such congressional townships, shall be expended within such con-

gressional township, unless raised to be expended outside of such organized town, in an adjoining town." Laws 1869, c. 28.

When the poll and road tax raised in the congressional township, in range 15, came into the town treasury, it was the duty of the proper town officers to expend it, as directed by the act of 1869, for the repair and construction of roads and bridges within that congressional township, and the law would undoubtedly have furnished means to enforce the duty or punish a dereliction.

The money was not so expended, but was converted, as appears from the complaint, to the use of the defendant. When it was so converted is not stated. If converted to the use of the town at a time when the congressional township in range 15, now composing the town of Clayton, was a part of it, in which case the benefits of the use to which it was converted would have accrued as well to the inhabitants of that township as to the inhabitants of the other, and the fault of the conversion would have been chargeable as much to one township as to the other, there certainly could be no remedy, after the separation, in favor of one township against the other. How it would be had the fund been in the town treasury at the time when the township, now this plaintiff, was detached from the original town, it is more difficult to say. In such case, the officers of the town of Bennington would have no jurisdiction to expend it within the detached township, and no right to expend it within the township still in the town of Bennington. Whether in such case the latter town would have been charged as a trustee to hold the money for the use of the detached township. it is improper for us to determine.

To justify such a determination the fact must clearly appear from the complaint that, at the time of the severance of the township composing the plaintiff, the fund still remained in the treasury. That fact is not stated in the complaint.

To avoid this objection we are referred to the rule—a rule of evidence rather than of pleading—that when a condition of

things naturally continuing is shown to arise, the continuance of such condition is presumed until it is shown to have ceased, and it is suggested that, the fact being stated that the money came into the township treasury, it appears, with the aid of this presumption, that it remained there. But the complaint, by alleging that it was converted to the use of the town, shows that it ceased to remain in the treasury. No presumption as a rule either of evidence or pleading will enable us to say when it ceased to remain in the treasury, whether before or after the township composing the plaintiff was detached from the defendant.

As it does not appear that the conversion was not at a time when the two townships composed the town of Bennington, and as, if it were converted at such time, the plaintiff corporation could have no remedy against the defendant corporation for such conversion, the demurrer was properly sustained.

Order affirmed.